UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEE HARRIS, on behalf of himself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| OUTSOURCE RECEIVABLES MANAGEMENT, INC., and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, LEE HARRIS, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, OUTSOURCE RECEIVABLES MANAGEMENT, INC. (hereinafter "OUTSOURCE"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.   Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Erie County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. OUTSOURCE has a business location at 261 Main Street, Buffalo, New York 14009-1212.

8. Upon information and belief, Defendant, OUTSOURCE is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. OUTSOURCE is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices from OUTSOURCE concerning a debt owed to KENMORE MERCY HOSPITAL, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
>
> The Class period begins one year to the filing of this Action.
>
> The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. OUTSOURCE collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. On or before April 22, 2016, Plaintiff entered into an agreement with KENMORE MERCY HOSPITAL, ("KENMORE") for the purchase of goods and/or services.

17. Such goods and/or services were for Plaintiff's personal use.

18. Such goods and/or services were not for non-personal use.

19. Such goods and/or services were not for business.

20. Such goods and/or services were used for Plaintiff's personal use.

21. Such goods and/or services were not used for non-personal purposes.

22. Such goods and/or services were not used for business purposes.

23. OUTSOURCE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Sometime prior to September 22, 2016, Plaintiff incurred a financial obligation to KENMORE.

25. Sometime after April 21, 2016 Plaintiff incurred a financial obligation to KENMORE.

26. The statue of limitation on the KENMORE obligation is six (6) years.

27. KENMORE is a "creditor" as defined by 15. U.S.C. § 1692a(4).

28. Sometime prior to September 22, 2016, KENMORE, either directly or through intermediate transactions referred, assigned, placed, or transferred the KENMORE obligation to OUTSOURCE for the purpose of collection.

29. At the time the KENMORE obligation was referred, assigned, placed, or transferred to OUTSOURCE, such obligation was in default.

30. OUTSOURCE, caused to be delivered to Plaintiff a letter dated September 22, 2016 concerning the alleged KENMORE obligation, which seeking payment in the amount of $270.48. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

31. The statue of limitation on the KENMORE obligation has not yet expired at the time OUTSOURCE sent Plaintiff the September 22, 2016 letter.

32. The September 22, 2016, letter was sent or caused to be sent by persons employed by OUTSOURCE as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33. The September 22, 2016, letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. Upon receipt, Plaintiff read the September 22, 2016 letter.

35. The KENMORE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

36. The September 22, 2016 letter stated on the back:

> Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization.

37. OUTSOURCE's September 22, 2016 letter that it sent to Plaintiff and others similarly situated does not comply with the FDCPA and constitutes abusive, deceptive and unfair collection practices.

## POLICIES AND PRACTICES COMPLAINED OF

38. It is OUTSOURCE's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Making false representations as to the legal status of a debt.

39. On information and belief, OUTSOURCE has sent written communications, in the form annexed hereto as Exhibit A to at least 40 natural persons in the State of New York.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

42. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

43. OUTSOURCE engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

44. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

45. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

46. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

47. Section 1692(2)(A) prohibits the false representation of the legal status of any debt.

48. Defendant's statements on the back of the September 22, 2016 letter is a false representation of the legal status of KENMORE obligation.

49. The statute of limitations on the KENMORE obligation had not yet expired at the time Defendant sent the September 22, 2016 letter to Plaintiff.

50. Defendant's statements on the back of the September 22, 2016 letter is misleading and deceptive.

51. The least sophisticated consumer can read the September 22, 2016 letter to have more than one meaning.

    a.) The statute of limitation had already expired on the KENMORE obligation.

    b.) The statute of limitation has not yet already expired on the KENMORE.

    c.) Upon reading the September 22, 2016 letter, the least sophisticated consumer would believe that the statute of limitation had already expired and that he no longer has any legal obligation to pay the KENMORE obligation.

    d.) Upon reading the September 22, 2016 letter, the least sophisticated consumer would believe that any payments after the date of the letter are strictly voluntary.

52. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

55. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA

56. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

57. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: September 4, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 10017
(646) 459-7971 telephone
(646) 449-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

261 Main Street  
Arcade NY 14009-1212

ADDRESS SERVICE REQUESTED

**Outsource Receivables Management, Inc.**

(800) 325-2712

September 22, 2016

**OUTSOURCE RECEIVABLES MANAGEMENT, INC.**  
261 Main Street  
Arcade NY 14009-1212

Lee Harris

Pay your bill online at: www.paydatacenter.com

| Access Code | OUTSOURCE |
|---|---|
| Account Number | |
| PIN Number | |

☐ Enclosed is payment in full.  
☐ Enclosed is my credit card information.

**Past Due Balance**

***Detach Upper Portion and Return with Payment***

| Creditors | Client Account # | Outsource Account # | Date of Service | Balance Due |
|---|---|---|---|---|
| KENMORE MERCY HOSPITAL-OP | | | 04/22/16 | 270.48 |

The above referenced account has been referred to our office for collection and requires your attention.

You may take advantage of this opportunity to resolve your debt by calling 1-800-325-2712 and speak directly to an account representative.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you provide written request to this office within 30 days after receiving this notice, we will provide you the name and address of the original creditor, if different from the current creditor.

This account may be subject to credit reporting 30 days from the date it was received in our office.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose.

$   All Major Credit Cards Accepted  
$   Free Check By Phone Service Is Available  
$   There Will Be A $20.00 Service Fee For All Returned Checks

If you wish to pay by credit card, fill in the information below and return the entire letter to us.   ☐ DISCOVER  ☐ VISA  ☐ MasterCard  ☐ AMEX Cards

| Account Number | Payment Amount | Expiration Date |
|---|---|---|
| | $ | / |

| Card Holder Name | Signature of Card Holder | Date |
|---|---|---|
| | | |

**\*\*PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION\*\***

We are required by regulations issued by the New York State Department of Financial Services (NYSDFS) to notify you of the following information. This information is NOT legal advice.

Debt collectors, in accordance with the Fair Debt Collection Practices Act codified at 15 U.S.C. §1692 et seq., are prohibited from engaging in activities that are abusive or harassing (15 U.S.C. § 1692d), making false or misleading representations (15 U.S.C. § 1692e) and undertaking unfair debt collection efforts (15 U.S.C. § 1692f), including but not limited to:

a) the use or threat of violence;
b) the use of obscene or profane language;
c) repeated phone calls made with the intent to annoy, abuse, or harass;
d) the use of unfair or unconscionable means to collect or attempt to collect any debt; and
e) the use of any false, deceptive or misleading representations or means to collect or attempt to collect any debt.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

- Supplemental security income, (SSI);
- Social Security;
- Public assistance (welfare);
- Spousal support, maintenance (alimony) or child support;
- Unemployment benefits;
- Disability benefits;
- Workers' compensation benefits;
- Public or private pensions;
- Veterans' benefits;
- Federal student loans, federal student grants, and federal work-study funds; and
- Ninety percent of your wages or salary earned in the last sixty days

Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization.